UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHRISTIAN AUGUSTINE,<br><br>    Plaintiff,<br><br>    v.<br><br>NIEL C. OLSON, *et al*.,<br><br>    Defendants. | Case No. 2:25-CV-00215-GSL-APR |

## OPINION AND ORDER

This matter is before the Court on the Motion for Reconsideration [DE 26] filed by Plaintiff, Christian Augustine, on November 17, 2025. Defendants' Niel C. Olson and Town of St. John responded [DE 32] on December 1, 2025, and Plaintiff replied [DE 33] on December 3, 2025. For reasons set forth below, the Motion [DE 26] is **DENIED**.

### Background

Plaintiff, an adult male who has been diagnosed with autism, was enroute to his home in Georgia when Defendant Niel C. Olson ("Defendant Olson") stopped Plaintiff's vehicle for alleged traffic violations. [DE 1 at ¶¶ 9-10]. Plaintiff claims that upon being stopped, he informed Defendant Olson of his autism diagnosis, as evidenced in bodycam footage. [*Id*. at pg. 1]. Plaintiff stated that despite registering a zero on a field sobriety test, Defendant Olson believed him to be "under the influence of something significant," and therefore "seized [] Plaintiff without probable cause, plac[ed] him in handcuffs [and] [] transported him to a local hospital for a blood draw." [*Id*. at ¶¶ 13-14]. After the blood draw, Plaintiff was taken to the Lake County Jail where he spent two days, which Plaintiff claims "could have only been because [he] was 'On the Spectrum.'" [*Id*. at ¶¶ 15-17].

As a result of the above-described traffic stop, Plaintiff filed this lawsuit on May 12, 2025, against Defendants Olson, a St. John police officer, the Town of St. John, Indiana ("St. John"), and

two unidentified members of the St. John Police Department – Officer John Doe and Supervisor John Doe. [DE 1 at ¶ 4]. Plaintiff alleged that Defendants committed various constitutional violations, as well as violations of the Rehabilitation Act and Title II of the Americans with Disabilities Act ("ADA") during the stop. *See generally* [*Id.*].

In lieu of answering the Complaint, Defendants filed a Motion to Dismiss [DE 14], which the Court granted in full on November 3, 2025, resulting in the dismissal of Plaintiff's Complaint. *See* [DE 24]. More specifically, the Court found that Count I, Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983 and Class-of-one Equal Protection, was defeated by the existence of probable cause as it was uncontrovertibly evident in the body cam footage of the traffic stop. *See* [DE 24 at 4-8] (holding that "[n]ot only was there no mention by Plaintiff of his autism [in the bodycam footage], but [] when asked repeatedly … if he suffered from any mental impairment that could affect his driving and speech, Plaintiff was adamant that he only suffered from 'ADHD.' [However, the bodycam footage] d[id] show Plaintiff slurring his speech, unable to walk in a straight line without taking many pauses, [] periodically losing his balance, as well as requesting that Defendant Olsen repeat instructions numerous times").

The Court found Count II, failure to accommodate pursuant to the Rehabilitation Act and Title II of the ADA, failed because Plaintiff (1) did not allege what program or activity Defendants were depriving him of due to his disability; and (2) Defendants were not on notice of his autistic condition, also evident in the bodycam footage. *See* [DE 24 at 8-9]. Plaintiff's state law indemnification claim failed because such an issue is not ripe until liability is established. [*Id*. at 9-10]. And, finally, Plaintiff's request for declaratory relief failed because the relief Plaintiff sought was based on purely hypothetical facts. *See* [*Id*. at 10] (holding that "[a]sking the Court to declare that St. John police officers refrain from *potentially* mocking, teasing, ridiculing, and harassing other 'Hoosiers' who are operating vehicles would be purely advisory, and not based on a 'definite and concrete, really and

2

substantial dispute' as the law so requires") (internal citations omitted).  Now, Plaintiff is asking the Court to reconsider the above discussed findings.

## Legal Standard

Under Rule 59(e), a party may file a motion to reconsider within 28 days of entry of the judgment. Fed. R. Civ. P. 59(e).  However, "relief under Rules 59(e) and 60(b) are extraordinary remedies reserved for the exceptional case …" *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). These types of motions "serve a limited function, to be used 'where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" *Davis v. Carmel Clay Sch.*, 286 F.R.D. 411, 412 (S.D. Ind. 2012) (quoting *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990)). Specifically, "[a] Rule 59(e) motion will be successful only where the movant clearly establishes '(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.'" *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (quoting *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir.2012)).

## Discussion

To state it simply, Plaintiff's request for reconsideration is based on his belief that the Court's "reliance", or interpretation, of the bodycam footage was incorrect. *See generally* [DE 26].  The Court finds this argument perplexing. At the motion hearing, Plaintiff's counsel strongly encouraged the Court to rely on the bodycam footage in deciding Defendants' Motion to Dismiss. *See* [DE 24 at n. 1]. Now Plaintiff argues that such reliance was in error. This argument is disingenuous. *See Oto v. Metro. Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) (holding that "[a] manifest error is not demonstrated by the disappointment of the losing party"); *Annie Oakley Enterprises Inc. v. Kinsale Insurance Company*, 2025 WL 2675092, at * 5 (N.D. Ind. Sept. 17, 2025) (internal citations omitted) (explaining

3

that "[m]otions to reconsider are not designed to give an unhappy party an opportunity to re-litigate matters …").

Plaintiff's arguments in support of his position are two-fold. He claims that the Court, based on Seventh Circuit precedent, should not have relied on the bodycam footage at this stage of the proceedings, but then he claims that the Court's reliance was improper because in doing so, it took the position of an expert. [DE 26 at 2-3]. Both arguments are unavailing and legally insufficient.

While Plaintiff is correct that the Seventh Circuit has instructed courts only to rely on video evidence that leaves no room for interpretation, his position that the footage in this case does leave room for interpretation is incorrect. [DE 26 at 2] *(citing Kailin v. Vill. Of Gurnee*, 77 F.4th 476, 481 (7th Cir. 2023). As the Court discussed at length in its November 3, 2025 Order, "the bodycam footage involving the parties in this case does clearly and incontrovertibly contradict Plaintiff's allegation[] that he told Defendants that he was autistic." [DE 24 at 4].[1] Plaintiff's entire case rests upon his allegation that Defendants knew he was autistic, because he told them, and therefore he was arrested absent probable cause. The bodycam footage simply does not show Plaintiff informing Defendants of his medical condition, thereby directly contradicting the most material allegation giving rise to Counts I and II of Plaintiff's Complaint.

Plaintiff's argument that the Court "held itself to have expertise that it does not have …" because it found that Plaintiff's slurred speech, inability to walk in a straight line without pausing, periodically losing his balance, as well as requesting that Defendant Olson repeat instructions numerous times amounted to probable cause is equally perplexing. Plaintiff contends that "[t]he bodycam footage in issue is of the sort for which a layperson (including a court) would not understand

---

[1] The Seventh Circuit has recently held that a district court is permitted to rely on matters outside the pleadings, "including a video exhibit … [if it] incontrovertibly contradicts the allegations in the complaint[.]" *Esco v. City of Chicago*, 107 F.4th 673, 678-79 (7th Cir. 2024) (internal quotations omitted) (holding that "[t]he plaintiff can still contest the meaning or significance of the exhibit, but where the plaintiff's case depends on contradicting a fact that seems plain from the exhibit, the plaintiff will "need[ ] to explain her position").

4

…" but at the same time encourages the Court to rely on it in making its decision on the motion to dismiss. [DE 26 at 4]. Plaintiff's *disagreement* with the Court's interpretation of the bodycam footage is not a proper basis for reconsideration under Rule 59. *See Castagna v. Newmar Corp.*, 2019 WL 13272486, at * 1 (N.D. Ind. April 5, 2019) (holding that "disagreement with the [c]ourt's order is not a ground for reconsideration"). For these reasons, Plaintiff's Motion for Reconsideration is denied.

Finally, Plaintiff claims that "the [] Court should have provided an explanation as to why [he] has been deprived of an opportunity to file an amended complaint." [DE 26 at 16]. The Court did not make any finding as it relates to Plaintiff's ability, or lack thereof, to file an amended complaint in this case. Plaintiff may seek leave to amend through the proper procedural avenues. In fact, Plaintiff did seek leave to amend, but his request is deficient as he failed to comply with N.D. Ind. L.R. 15-1.[2]

## Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Reconsideration [DE 26] and **GRANTS** Plaintiff up to and including **February 26, 2026** to amend his Motion for Leave to File the Attached First Amended Complaint [DE 29] in accordance with N.D. Ind. L.R. 5-1.

SO ORDERED.

ENTERED: January 27, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court

---

[2] N.D. Ind. L.R. 15-1 instructs that "[m]otions to amend a pleading must include the original signed proposed amendment as an attachment.